## CATHARINE HARRIMAN *versus* MARY GRAY.

A release of dower to a stranger to the title does not extinguish the right of dower.

If the releasee afterwards acquires the title, the release operates to bar the dower as to him, by way of estoppel.

When a person quitclaims his title in land, by a deed containing no covenants, and closing in these words : — "So that neither I, the said Joab Harriman nor my heirs, or any other person or persons claiming from or under me or them, or in the name, right or stead of me or them, shall or will, by any way or means, have, claim or demand any right or title to the aforesaid premises, or their appurtenances, or any part or parcel thereof forever," a title subsequently acquired by him does not enure to the benefit of his grantee.

A release of dower to a person who has conveyed the land, by *such a deed*, creates no estoppel in favor of any other person than the releasee.

ON REPORT.

ACTION OF DOWER. The marriage, the seizin of plaintiff's husband, his death, and the demand, were admitted.

The tenant relied upon a release of dower; the facts in relation to which are stated in the opinion.

*J. Baker*, for the plaintiff.

*S. Titcomb*, for the tenant.

The opinion of the Court was drawn up by

APPLETON, J.— On the 23d of October, 1823, the plaintiff's husband conveyed the premises in which dower is demanded, to Joab Harriman, by a deed to which she was not a party.

On the 19th January, 1827, Joab Harriman quitclaimed the same to James Harriman by deed having no covenants and closing in these words :— "So that neither I, the said Joab Harriman nor my heirs, or any other person or persons claiming from, or under me or them, or in the name, right or stead of me or them, shall or will, by any way or means, have, claim, or demand any right or title to the afore-

said premises, or their appurtenances, or any part or parcel thereof forever."

From James Harriman the title passed through various mesne conveyances to the tenant.

Upon the case as thus presented, the plaintiff's right to dower would seem to be unquestioned. The tenant claims to bar the plaintiff's right to dower by reason of her release of the same to Joab Harriman, by deed dated April 2, 1838. But, long before this, the title to the premises in question had been conveyed to those under whom the tenants claim. The releasee had ceased to have any interest therein. A release of dower to a stranger constitutes no defence. *Pixley* v. *Bennett*, 11 Mass., 298: "In dower, the tenant pleads a release from the demandant to such an one, tenant *in pos-sessione tenementor. prædict. existent.*, and because not said he was *tenens liberi tenementi*, it was holden no plea; and adjudged for the demandant; for a release of dower to a tenant for years, or at will, can be no bar of dower, because she cannot demand it against them." Cro. Jac., 151.

Neither is the demandant to be estopped by this conveyance. Estoppels, to be binding, must be reciprocal. As between the demandant and Joab Harriman, she would be estopped. But the release to Joab does not enure to his grantees, and, not enuring by estoppel to their benefit, they cannot set it up as a bar. It has been repeatedly settled, that a grantee is not estopped from setting up a subsequent title, by language such as is found in the deed of Joab to James Harriman. Nor do the subsequently acquired rights of Joab enure to the use of his grantee. *Pike* v. *Galvin*, 29 Maine, 183.     *Case to stand for trial.*

TENNEY, C. J., RICE, CUTTING, MAY and GOODENOW, JJ., concurred.